[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2006
THOMAS K. KAHN
CLERK

No. 05-13534
Non-Argument Calendar
_____

D. C. Docket No. 03-20807-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REINALDO GILART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 12, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Reinaldo Gilart appeals his sentence of 210 months of imprisonment for

conspiracy to possess with intent to distribute cocaine. See 21 U.S.C. § 846. Gilart raises four arguments: because two are squarely foreclosed by precedent of this Court, and the other two also fail, we affirm.

## I. BACKGROUND

Gilart and two other men, one of whom was an undercover police officer, conspired to steal between 20 and 30 kilograms of cocaine from an alleged safe house. When Gilart and the other man met with the undercover police officer to commit the crime, police officers arrested Gilart and his co-conspirator and found a loaded pistol on the person of Gilart's co-conspirator. After a trial, the jury found Gilart guilty of conspiracy to possess with intent to distribute five kilograms or more of cocaine, see 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, but not guilty of conspiracy to use, carry, and possess a firearm during and relation to a crime of violence and a drug trafficking crime, see 18 U.S.C. § 924(o), and not guilty of attempt to possess with intent to distribute five kilograms or more of cocaine, see 21 U.S.C. §§ 841(b)(1)(A), 846; 18 U.S.C. § 2. The jury was unable to reach a verdict on the charge of robbery, see 18 U.S.C. § 1951(a), and returned a special verdict that found Gilart's offense involved less than five kilograms of cocaine.

The district court sentenced Gilart to 210 months of imprisonment and three years of supervised release for the offense of conspiracy to possess with intent to

distribute five kilograms or more of cocaine, but after Gilart appealed that sentence, we remanded for resentencing in the light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). At resentencing, Gilart made the following three arguments: (1) the enhancements for possessing a firearm and for drug quantity were improper because the enhancements were based on conduct for which he had been acquitted by the jury and the jury had returned a special verdict finding that his offense involved less than five kilograms of cocaine; (2) a sentence enhanced on the basis of acquitted conduct and contrary to the special verdict would be unreasonable; and (3) applying the Booker remedy of an advisory guidelines scheme to sentence him based on facts that were neither proved to a jury nor admitted by him violated his rights under the Ex Post Facto and Due Process Clauses of the U.S. Constitution.

The district court rejected Gilart's arguments. The district court reasoned that the enhancement for drug quantity was proper because the conviction for conspiracy to possess cocaine was for 20 to 30 kilos and "that's what was talked about." The district court stated that it found Gilart's criminal background "abysmal" and was especially concerned with his history of armed home invasions. After stating it had considered the advisory guidelines computations in the Presentencing Investigative Report, the statements of the parties, and the statutory

3

factors, see 18 U.S.C. 3553(a)(1)-(7), the district court imposed an amended sentence of 210 months of imprisonment and three years of supervised release.

## II. STANDARD OF REVIEW

We review de novo a claim of constitutional sentencing error but will reverse only for harmful error. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). We review de novo the application by the district court of the Sentencing Guidelines, and findings of fact for clear error, United States v. Trujillo, 146 F.3d 838, 847 (11th Cir. 1998); Booker does not change this standard of review, United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). We review for reasonableness a sentence imposed by the district court under the advisory guidelines. Crawford, 407 F.3d at 1178. "We review a district court's determination of the quantity of drugs used to establish a base offense level for sentencing purposes under the clearly erroneous standard," United States v. Simpson, 228 F.3d 1294, 1298 (11th Cir. 2000), and "cannot find clear error unless 'we are left with a definite and firm conviction that a mistake has been committed.'" Crawford, 407 F.3d at 1177 (quoting Glassroth v. Moore, 335 F.3d 1282, 1292 (11th Cir. 2003)).

## III. DISCUSSION

Gilart now appeals his sentence, and he makes four unsuccessful arguments.

We discuss each in turn.

*A. It Was Not Error to Apply the Guidelines as Advisory.*

Gilart argues that, because he committed his crime after Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), but before Booker, 543 U.S. —, 125 S. Ct. 738, the district court violated Gilart's rights under the ex post facto principle of fair warning in the Due Process Clause when it sentenced him based on post-verdict findings of fact and retroactively applied the sentencing guidelines as advisory. Gilart concedes that we have rejected this argument. See United States v. Duncan, 400 F.3d 1297 (11th Cir. 2005). Because "only the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision," United States v. Marte, 356 F.3d 1336, 1344 (11th Cir. 2004), this argument fails.

*B. It Was Not Error to Enhance Gilart's Sentence Based on Acquitted Conduct.*

Gilart also argues that, if it was not error to apply the Sentencing Guidelines as advisory, that it was error under the advisory guidelines to enhance his sentence based on acquitted conduct and conduct that contradicted the special jury verdict. Again, Duncan controls this issue: "Booker does not suggest that the consideration of acquitted conduct violates the Sixth Amendment as long as the judge does not impose a sentence that exceeds what is authorized by the jury verdict." 400 F.3d at 1304. The only requirement is that the government "proves the acquitted conduct

relied upon by a preponderance of the evidence." Id. (quoting United States v. Barakat, 130 F.3d 1448, 1452 (11th Cir. 1997)). Because the district court found by a preponderance of the evidence that the quantity of drugs was 20 to 30 kilograms and Gilart possessed a gun during execution of the crime, Gilart's argument fails.

*C. The District Court Did Not Improperly Calculate Drug Quantity.*

Gilart argues that, even if it was not error to enhance his sentence based on acquitted conduct, the finding of the district court as to drug quantity was not supported by a preponderance of the evidence. He argues that the evidence does not prove by a preponderance of the evidence either that his primary focus was to steal money rather than drugs or that he intended to conspire to steal 20 to 30 kilograms of cocaine. We disagree. First, if the jury believed Gilart meant to steal money rather than drugs, then it would not have convicted Gilart of conspiracy to possess cocaine. Second, it was not clear error for the district court to find that the amount of cocaine was 20 to 30 kilograms because that is the amount that was discussed during the conspiracy.

*D. Gilart's Sentence Was Reasonable.*

Gilart complains that his sentence was unreasonable because the district court enhanced the sentence based on acquitted conduct, did not account for the

special jury verdict, did not account for mitigating personal characteristics, and did not consider the factors in section 3553(a)(1)-(7) as required by Booker. See 18 U.S.C. § 3553; Booker, 543 U.S. at __, 125 S. Ct. at 764-65. We disagree. The district court accounted for the special jury verdict by finding that the jury was confused as to the amount of drugs it could attribute to Gilart as there were no actual drugs. The district court also stated that it had considered "the factors set forth in [section 3553(a)(1)-(7)]." Although "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors," United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005), the district court specifically considered Gilart's criminal history and characterized it as "abysmal" and "horrible." The district court also considered "the presentence report which contains the advisory guidelines." The sentencing guideline range for Gilart's offense, as calculated in the PSI, was 235 to 293 months, or 235 to 240 months because of the statutory maximum. The district court imposed a sentence of 210 months of imprisonment. We cannot say that Gilart's sentence is unreasonable.

## IV. CONCLUSION

We affirm Gilart's sentence.

**AFFIRMED.**